ESTATE OF DRAHEIM: DRAHEIM and others, Appellants, vs. RAWSON, Guardian, and another, Respondents.*

*May 1—June 5, 1956.*

---

* Motion for rehearing denied, with $25 costs, on September 11, 1956.

For the appellants there was a brief by *Lehner, Lehner &
Behling* of Oconto Falls, and oral argument by *Howard N.
Lehner.*

For the respondents there was a brief by *Wendell Mc-
Henry* of Waupaca, guardian *ad litem* for Paulina Hertzfeld,
incompetent, and by *Wendell McHenry* and *Edward J. Hart,*
both of Waupaca, for Harry W. Rawson, guardian of Pauli-
na Hertzfeld, incompetent, and oral argument by *Mr. Hart.*

GEHL, J.   Albert Draheim died on December 12, 1952,
leaving a will by the terms of which he left all his estate
except $500 to his sister Paulina Hertzfeld.   On Decem-
ber 18, 1952, Paulina and John N. Jaeckels, executor named
in the will, petitioned the county court of Waupaca county
for probate of the will.   Hearing thereon was set for Janu-
ary 20, 1953.   On January 19, 1953, objections to the probate
of the will were filed by the heirs-at-law of the deceased.
Paulina joined in these objections.   The hearing on the peti-
tion and the objections was adjourned.   Pending the ad-
journed hearing and on March 6, 1953, Paulina executed
and filed a renunciation of the provisions made for her by the
will.   On the same day she and the other heirs-at-law of
Albert Draheim filed a petition for administration of the estate
as one intestate.   The petition for probate of the will and the
objections thereto were heard on March 18 and 19, 1953.
Before a decision was reached and on April 29, 1953,
Paulina, in writing on April 29, 1953, withdrew her objec-
tions to the will and asserted that she renewed her position
as a petitioner seeking admission of the will to probate.

On July 1, 1953, the court entered an order admitting the
will to probate.   On September 9, 1953, Paulina repudiated
the renunciation and joined with the objectors in taking ap-
peal to this court.   Upon the appeal the order admitting the
will to probate was affirmed on October 5, 1954.   *Will of
Draheim* (1954), 267 Wis. 382, 66 N. W. (2d) 172.

After that, and for some strange reason, for the first time appeared the document which was executed on February 4, 1953, which forms the basis of this proceeding and which it seems to us was deliberately withheld pending the final determination of the issues made by the filing of objections to the probate of the will. It is recited therein that it is made to "effectuate a more fair and equitable distribution of the property of said Albert Draheim, deceased" than is made by the terms of his will; it is provided that Paulina shall have the residence of which the deceased died seized and 50 per cent of the remainder of the estate, a brother and another sister of the deceased shall each have one third of the balance, the children of a deceased sister shall have one third, and that the estate is to be so divided whether the will be admitted to probate or not.

It is to be recalled that the signature of Paulina to this instrument was obtained after she had petitioned for the probate of the will and that subsequently, but before it was brought to light, she joined in filing objections to the probate of the will, filed a renunciation of the provisions made for her, joined in a petition for administration of the estate as intestate after having withdrawn her objections to the probate of the will, renounced her renunciation, and again asserted her rights as the practically sole beneficiary named in the will, and that the agreement was abandoned and did not appear until the contest had been heard and the will admitted to probate by the county court and that court's action affirmed by this court.

It is surprising, if it did not occur, that when this strange document was finally presented to the court, the judge did not express his reaction as did Mr. Justice BLACK in his dissenting opinion in *Mack v. Reo Motors* (Mich. 1956), 76 N. W. (2d) 35, 42, and inquire, "What gives here?" Obviously the instrument was so drawn as to put the parties to it in a position, heads, we the other parties to the agreement

win, tails, you Paulina—lose; if the will is admitted to probate we take nothing unless we produce the agreement, as a result of which you, Paulina, will take only half the estate and we take the balance; if we are successful in our attack upon the will you will take one quarter thereof, we will take the balance and there will be no need to produce the agreement. We consider that under the circumstances the act of withholding the agreement constitutes a fraud upon the court and that, therefore, and because of what we shall say with respect to the imposition upon Paulina, we should not enforce it.

It is not strange that Paulina, an elderly lady with no business experience, since adjudged an incompetent, who later was induced to go from one position to the other and then back again, was easily induced to join in the agreement which would "effectuate a more fair and equitable distribution of the property" as viewed from the standpoint of those who, for some reason satisfactory to the testator, had not been named in his will. It cannot be said that our conclusion that Paulina was *induced* to take the various steps which she did is not supported by the record. The undisputed facts present a picture which can represent nothing less than the result of some improper influence exercised upon her.

The question then arises, What can this court do about it? The answer is that under the circumstances we must, in the exercise of our broad powers of equity and in the interests of justice, do something about it, for we may not stand by and permit this lady, as well as the court, to be imposed upon as was intended in this case. We consider that the conduct of those who instigated and sought to carry into effect the plan which is here presented committed a fraud upon the court and an imposition upon Paulina, and that, therefore, we should do as the trial court did, though for another reason, refuse to enforce the agreement.

We should not close this opinion without making it clear that we do not intend hereby to suggest that any of the attorneys now interested in the case have been guilty of any conduct which might subject them to criticism.

*By the Court.*—Judgment affirmed.

STEINLE, J. (*dissenting*). By the judgment the trial court denied the petition to distribute the estate in accordance with the agreement entered into between Paulina Hertzfeld, her brother Rynard Draheim, her sister Augusta Hertzfeld, and nieces and nephews who are the children of a deceased sister, Amelia Draheim Pagel. In its findings of fact, the court determined that at the time of the execution of the agreement Paulina was competent, although she was an elderly lady of little business experience; that the petitioners for distribution had stipulated that the agreement was not one of compromise under sec. 318.31, Stats.; that the only consideration for the agreement was the compromise of the pending will contest, and that the same did not constitute a valuable consideration for the purported assignment of Paulina's interest in the estate.

In its conclusions of law the court determined that the agreement was not a valid assignment under sec. 318.06 (10), Stats. The basis for such conclusion is that the agreement was not supported by a valuable consideration. It appears from the record that the agreement was signed after the will had been offered for probate, and after objection thereto had been interposed, but before it was admitted to probate.

Under the terms of the will Paulina would have received 100 per cent of the proceeds of the estate, less $500 bequeathed to the church. Under the agreement she would have been entitled to certain real estate and 50 per cent of the net proceeds of the estate. Had probate of the will been

denied, she would have been entitled to 25 per cent of the estate. Since under the terms of the agreement Paulina would have received at least twice the amount that she would have been entitled to were the will not admitted to probate, I am of the opinion that such benefit to her was a valuable and sufficient consideration to sustain the contract. Sufficient consideration may consist in either some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other. 12 Am. Jur., Contracts, p. 570, sec. 79.

The trial court did not find that it had been imposed upon by virtue of the failure of the petitioners to have filed the agreement with the court at an earlier time. I am unable to reach the conclusion that the failure to have presented the agreement before the will was admitted to probate, standing alone, is as a matter of law such deception as to constitute fraud upon the court. While it appears that the circumstances under which the agreement was signed by Paulina are open to question, nevertheless I am not convinced that upon the evidence presented at the hearing, imposition upon Paulina or upon the court was conclusively established. In the interests of justice, a thorough investigation ought to be made, and under proper pleadings, a full hearing should be afforded by the trial court wherein determination can be made as to whether Paulina's signature to the agreement was obtained by fraud or undue influence. Were it to be found that there had been imposition of such type upon Paulina, then it is conceivable that the failure to present the agreement in court prior to the time that the will was admitted, could be construed as an attempt to deceive the court.

In my opinion the judgment ought to be reversed, and the cause remanded for further proceedings as herein suggested. For reasons as stated, I am compelled to respectfully dissent from the majority's determination.